**Alvin DORSEY, Appellant**

v.

**DRUG ENFORCEMENT ADMINISTRATION, Appellee.**

**No. 15-5110**

**September Term, 2015**

United States Court of Appeals, District of Columbia Circuit.

Filed On: June 13, 2016

Rehearing En Banc Denied August 24, 2016.

---

Alvin Dorsey, Yazoo City, MS, Pro Se.

Britney Berry, R. Craig Lawrence, U.S. Attorney's Office (USA), Civil Division, Washington, DC, for Defendant–Appellee.

BEFORE: Rogers, Kavanaugh, and Wilkins Circuit Judges

### ORDER

Per Curiam

Upon consideration of the motion for summary reversal, and the combined response thereto and motion for summary affirmance; and the court's order to show cause filed March 24, 2016, and the response thereto, it is

**ORDERED** that the order to show cause be discharged. It is

**FURTHER ORDERED** that the motion for summary affirmance be granted and the motion for summary reversal be denied. The merits of the parties' positions are so clear as to warrant summary action. See Taxpayers Watchdog, Inc. v. Stanley, 819 F.2d 294, 297 (D.C. Cir. 1987) (per curiam). In response to Dorsey's request pursuant to the Freedom of Information Act ("FOIA"), the Drug Enforcement Administration "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Mobley v. CIA, 806 F.3d 568, 580–81 (D.C. Cir. 2015). With respect to records that were withheld under the exemption provisions of FOIA, 5 U.S.C. § 552(b), Dorsey does not challenge the DEA's invocation of FOIA Exemption 7(E), and the declarations provided by the DEA demonstrated with reasonably specific detail that the remaining withheld information logically falls within Exemptions 3, 5, 7(C), and 7(D). See Larson v. Dep't of State, 565 F.3d 857, 862 (D.C. Cir. 2009).

We need not evaluate the merits of the DEA's invocation of Exemption 7(F), because it overlaps in this case with Exemptions 7(C) and 7(D). Finally, Dorsey has not rebutted the "presumption that [the DEA] complied with the obligation to disclose reasonably segregable material." Sussman v. U.S. Marshals Service, 494 F.3d 1106, 1117 (D.C. Cir. 2007).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R. App. P. 41(b); D.C. Cir. Rule 41.